FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 27 2011 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DR. GERALD FINKEL, *as Chairman of the Joint Industry Board of the Electrical Industry*,

                              Plaintiff,

-against-

ROBCO ELECTRIC CORP.,

                              Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-2353 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry, moves for default judgment against Defendant Robco Electric Corp. (Mot. Default J. (Docket Entry # 7).) The court grants Plaintiff's Motion, and refers damages to Magistrate Judge Roanne L. Mann for an inquest.

**I.     BACKGROUND**

Plaintiff Dr. Gerald Finkel brings this suit in his capacity as Chairman of the Joint Industry Board of the Electrical Industry (the "Board"). (See Compl. (Docket Entry # 1) ¶ 4.) The Board jointly administers "various employee benefit plans established and maintained pursuant to collective bargaining agreements between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO," and participating employers and employer associations. (Id. at ¶ 4.) The Board acts as the fiduciary of certain employee benefit plans within the meaning of §§ 3(16)(A)(i) and 3(21)(A) of the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. §§ 1002(16)(A)(i), (21)(A). (Id. at ¶ 5.)

On May 16, 2011, Plaintiff filed his Complaint against Defendant Robco Electric Corp. ("Robco"). (Compl.) Plaintiff alleges that Robco is an "employer" within the meaning of § 3(5)

1

of ERISA, codified at 29 U.S.C. § 1002(5), and § 301(a) of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185(a). (Id. ¶ 10.) The Complaint alleges that Robco has failed to comply with its obligation to remit required ERISA and non-ERISA contributions in accordance with its Collective Bargaining Agreements ("CBAs"). (Id. at ¶¶ 11-20.) Plaintiff further alleges that Robco has failed to remit required information, including Payroll Reports and reports on the Deferred Salary Plan of the Electrical Industry ("DSP Reports"), to the Board as required by the CBAs. (Id. at ¶¶ 15-17.) Plaintiff asserts four causes of action against Robco: that Robco has failed to act in accordance with the terms of ERISA Plan documents, that Robco has acted in breach of the CBAs in violation of the LMRA, and two claims that Robco has breached its fiduciary duties in violation of ERISA. (Id. at ¶¶ 37-48.)

Plaintiff seeks monetary damages for unpaid contributions, interest and liquidated damages on unpaid and late-paid contributions, and attorneys' fees and costs. (Statement of Amounts Due (Docket Entry # 7, Ex. B).) Plaintiff also seeks injunctive relief, requiring Robco to submit missing Payroll Reports and DSP Reports up until the date of judgment. (Compl. at 11.)[1]

---

[1] In his Motion for Default, Plaintiff also requests that this injunctive relief be ordered prospectively, with respect to reports that will come due after the date of judgment. (Mot Default J. at 27.) Plaintiff's Motion for Default suggests that the court should order that:

- Defendant provide Payroll Reports for weeks "which have not been submitted as of the date judgment is entered *and shall continue to submit the weekly payroll reports when due thereafter*"

- Defendant provide an accounting for payroll weeks "which have not been submitted as of the date judgment is entered *and shall continue to submit the weekly payroll reports when due thereafter*," and

- Defendant pay "all contributions determined to be due pursuant to the collective bargaining agreement for all weeks that are unpaid as of the date judgment is entered *and thereafter*"

2

Plaintiff properly served his Summons and Complaint through an authorized agent of the New York Secretary of State on May 18, 2011. (Affidavit of Service (Docket Entry # 2) (showing that proof of service was filed with the court of June 7, 2011).) See also N.Y. Bus. Corp. Law § 306(b)(1). Because Robco failed to file an answer or otherwise move with respect to the Complaint, the Clerk of Court entered a notice of default against Robco on June 16, 2011, pursuant to Federal Rule of Civil Procedure 55. (Docket Entry # 5.)

On July 21, 2011, Plaintiff moved for default judgment. (Docket Entry # 7.) In support of this Motion, Plaintiff submitted a Memorandum of Law (Docket Entry # 11), an Affidavit/Declaration by Zachary N. Leeds (Leeds Aff.), and an Affidavit/Declaration by Christina Sessa (Sessa Aff. (Docket Entry # 9)) with over 400 pages of supporting documentation (Sessa Exs. (Docket Entries ## 9-1 through 9-12)). Defendants have not responded, and their time to do so has passed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides that where a party fails to plead or otherwise defend against a complaint, and after entry of default, default judgment may be entered against such person. Upon entry of default, a court should accept as true all factual allegations in the complaint, except those relating to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); J & J Sports Prods. v. M & J Wins, Inc., No. 07-CV-6019 (RJH), 2009 U.S. Dist. LEXIS 35088, at *2 (S.D.N.Y. Apr. 23, 2009). In this case, Plaintiff's allegations are sufficient to establish Robco's liability as specified in the Complaint. Accordingly, default judgment is appropriate.

---

(Id. (emphasis added).) The Complaint does not include any such requests for prospective injunctive relief (see Compl. at 11-13). As discussed below, the court will refer questions of both monetary and injunctive relief to the Magistrate Judge.

## III. RELIEF

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The court has an independent obligation to assess requests for damages, which "usually must be established by the plaintiff in an evidentiary proceeding." Greyhound Exhibitgroup, 973 F.2d at 158; see also Fed. R. Civ. P. 55(b)(2) (stating that "the court may conduct . . . a hearing" to determine the amount of damages on default judgment). The Second Circuit, however, has approved making such a determination without a hearing where detailed affidavits and other documentary evidence provide the court with a sufficient basis for doing so. Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citing additional cases); see also La Barbera, 666 F. Supp. 2d at 349 (in a pension fund action to recover ERISA contributions, making damages determination without a hearing).

The court accordingly refers the damages calculation in this matter for an inquest before Magistrate Judge Roanne L. Mann for a Report and Recommendation, including any awards of interest, attorneys' fees or costs. The Report and Recommendation shall also address whether Plaintiff has provided the court with sufficient evidence to satisfy the requirements for entry of an injunction. See La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 349-50 (E.D.N.Y. 2009).

## IV. CONCLUSION

Plaintiff's Motion for Default Judgment is GRANTED. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court refers this matter to Magistrate Judge Mann for a Report and Recommendation on damages and injunctive relief.

SO ORDERED.

Dated: Brooklyn, New York
 July 26, 2011

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge