FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ AUG 13 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DR. GERALD FINKEL, as Chairman of the Joint
Industry Board of the Electrical Industry,

                                    Plaintiff,

-against-

ROBCO ELECTRIC CORP.,

                                    Defendant.
-----------------------------------------------------------------X

**ORDER**

11-CV-2353 (NGG) (RLM)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Dr. Gerald Finkel, in his fiduciary capacity as Chairman of the Joint Industry Board of the Electrical Industry, brought this action against Defendant Robco Electric Corp. (Compl. (Docket Entry # 1).) Plaintiff alleges that Defendant failed to make certain required contributions to various employee benefit plans, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145 et seq., and in breach of two collective bargaining agreements, pursuant to the Labor Management Relations Act, 29 U.S.C. § 185. (Id.) On July 26, 2011, this court granted Plaintiff's motion for default judgment and referred the matter to Magistrate Judge Roanne L. Mann for a report and recommendation on damages and injunctive relief. (Docket Entry # 12.)

On March 30, 2012, Judge Mann issued her Report and Recommendation ("R&R") recommending that Plaintiff's application for monetary and injunctive relief be granted in part and denied in part. (R&R (Docket Entry # 20) at 1-2, 30-31.) No party has objected to Judge Mann's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Accordingly, the court reviews the R&R for clear error. See La Torres v. Walker, 216 F. Supp. 2d 157, 159

1

(S.D.N.Y. 2000); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); cf. 28 U.S.C. § 636(b)(1).

The court has reviewed Judge Mann's thorough and well-reasoned R&R for clear error and finds none. Accordingly, the court ADOPTS the R&R in its entirety. See Porter v. Potter, 219 F. App'x 112, 112-13 (2d Cir. 2007). Plaintiff is AWARDED the following damages: (1) $8,552.12 in unpaid contributions to the ERISA and Non-ERISA Plans, as these Plans are defined in the R&R (see R&R at 2 nn. 1-2); (2) interest on unpaid contributions in the amount of $11.51, with a per diem interest rate of $0.24 from July 22, 2011, until the earlier date of payment or entry of judgment; (3) $131.83 in interest on ERISA Plan contributions that were paid late after the commencement of this action, except for contributions to the Deferred Salary Plan of the Electrical Industry; (4) liquidated damages in the amount of $7,815.51; (5) $5,099 in attorney's fees; and (6) $440.36 in expenses. No interest shall be awarded on contributions that were paid late but prior to the commencement of this action. Plaintiff's request for injunctive relief is DENIED. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 13, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

2